IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                                    CRIMINAL NO. 1:06cr93LG-JMR

JUAN SAUCEDA

### ORDER

This cause is before the Court on the motion of the defendant, Juan Sauceda to suppress [26-1]. Sauceda seeks to suppress any written and oral statements made by him to any state officers or agents. (Ct. R., Doc. 17, p. 1.) He claims the statements were taken when he was without counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and without intelligent and understanding waiver of counsel. (*Id.*)

Sauceda was charged in a single count indictment with knowingly and intentionally concealing more than $10,000.00 in United States currency in a conveyance and attempting to transport the currency from a place within the United States to a place outside of the United States, aided and abetted by others unknown to the Grand Jury, with the intent to evade a currency reporting requirement under Section 5316, in violation of 18 U.S.C. § 2 and 31 U.S.C. § 5332. (Ct. R., Doc. 4.)

On June 15, 2006, Harrison County Sheriff's deputies stopped Sauceda on Interstate 10 In Harrison County, Mississippi. According to the United States, a consensual search was performed on Sauceda's vehicle, during which the police located $162,980.00 in currency, wrapped in fabric softner and plastic wrap in a basketball goal box. (Ct. R., Doc. 26, p. 1.) Both the vehicle and Sauceda were transported to the Harrison County Sheriff's office work center, where Sauceda was Mirandized, and where he signed a waiver of those rights. (*Id.*) He was then

interviewed by United States Immigration and Customs Enforcement agents.  (*Id*.)  He was not taken into custody at that time.  (*Id*.)

The United States correctly asserts that a defendant's Sixth Amendment right to counsel does not attach until judicial proceedings are initiated[1].  (*Id*., p. 2.)  Sauceda was not charged with a criminal violation until August 28, 2006, and made his first court appearance on October 5, 2006.  (*Id*., p. 1.)  Judicial proceedings are initiated by "formal charges, preliminary hearing, indictment, information or arraignment."  *Brewer v.Williams*, 430 U.S. 387, 398 (1977).  Even if Sauceda's detention on June 15, 2006, amounted to a warrantless arrest, his Sixth Amendment right to counsel did not attach until the criminal complaint was filed in this case on August 28, 2006.  *See Hoffa v. United States*, 385 U.S. 293, 309-310 (1966), *United States v. Archbold-Newball*, 554 F.2d 665, 675 (5th Cir. 1977).  The Court concludes that the statements obtained from Sauceda were not obtained in violation of his Sixth or Fourteenth Amendment rights.  This conclusion results in a finding that the motion to suppress should be denied.  It is therefore,

**ORDERED AND ADJUDGED** that the motion to suppress [26-1] be, and is hereby, denied.

**SO ORDERED AND ADJUDGED** this the 24th day of January, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] *Kirby v. Illinois*, 406 U.S. 682, 689 (1972); *United States v. Laury,* 49 F.3d 145, 150 (5th Cir. 1995).